No. 42,127

NORTHERN NATURAL GAS COMPANY, *Appellant,* v. STATE CORPORA-
TION COMMISSION, *Appellee.*

(362 P. 2d 609)

Opinion filed
June 10, 1961.

*Mark H. Adams, II,* of Wichita, argued the cause, and *Mark H. Adams, Charles E. Jones, William I. Robinson, J. Ashford Manka, Clifford L. Malone, John S. Seeber* and *Floyd E. Jensen,* all of Wichita, and *Lawrence I. Shaw, F. Vinson Roach* and *Patrick J. McCarthy,* all of Omaha, Nebraska, and *Ray H. Calihan, Logan N. Green, Daniel R. Hopkins* and *Ray H. Calihan, Jr.,* all of Garden City, were with him on the briefs for the appellant.

*Charles C. McCarter,* General Counsel, argued the cause, and *S. F. Fleeker,* Assistant General Counsel, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is a judicial review action to determine the validity of a State Corporation Commission order and rule directed to gas purchasers, rather than gas producers, requiring them to purchase ratably from all wells within the common source of supply to which each purchaser is connected.

The petition for judicial review was filed on February 19, 1960, by Northern Natural Gas Company (hereafter referred to as Northern or appellant) in the district court of Finney County, Kansas. Thereafter, on the 8th day of April, 1960, the district court having heard argument of counsel entered its judgment confirming the Commission's order of February 3, 1960, and the Commission's promulgation of Rule 82-2-219 thereby. The lower court found the rule and order of the State Corporation Commission to be lawful, valid and reasonable.

After the trial court overruled Northern's motion for a new trial, appeal was duly perfected to this court.

In a companion case, *Northern Natural Gas Co. v. State Corpo-*

*ration Commission*, 188 Kan. 355, 262 P. 2d 599, No. 42,128, decided this date, Northern was directed by the State Corporation Commission to show cause why it should not take ratably from the wells to which it was connected in the Hugoton Field in Kansas. As a result of proceedings therein Northern was directed by an order of the Commission "to take gas ratably from its connections in the Kansas Hugoton Gas Field." As a part of such order the Commission retained jurisdiction of the subject matter and the parties for the purpose of entering such further order or orders and promulgating and implementing such further rules and regulations as from time to time it deemed proper.

In Northern's petition for rehearing before the Commission, filed November 6, 1959, Northern contended, among other things, the order directed against it was unlawful in that:

"(d) It purports to amend said Commission's Basic Proration Order for the Hugoton Gas Field insofar only as it affects one (Northern Natural Gas Company) of the seven principal purchasers of gas therein and in a proceeding not noticed to any party as being a proceeding for the amendment of said Basic Proration Order all in violation of the due process clause of the Constitution of the United States."

Northern's petition for rehearing in the "show cause" case was denied and judicial review proceedings concerning the Commission's order dated October 7, 1959, were filed in the district court of Finney County, Kansas, now on appeal in the Supreme Court as Case No. 42,128, heretofore noted as the companion case.

The Commission, in apparent recognition of Northern's objection heretofore quoted, sought to bolster its position in the case against Northern, which arose from circumstances applying only to that company, and on November 12, 1959, on its own motion ordered an investigation and hearing for the purpose of considering the adoption of a rule to require that companies take gas ratably from all wells in the same common source of supply to which they are connected. In issuing such order the Commission found:

"1. That G. S. 1949, 55-703, as amended, imposes the following duty on this Commission:

" 'The commission shall so regulate the taking of natural gas from any and all such common sources of supply within this state as to prevent the inequitable or unfair taking from such common source of supply by any person, firm or corporation. . . .'

"2. Evidence presented to the Commission indicates that some companies have been and are producing certain wells at higher rates than other wells in the same common source of supply; that this disparity in rates of production

has resulted in the accumulation of sizeable underages by many wells while others are producing their current allowables; that such situation, if permitted to continue, would violate correlative rights, and the statutory provisions above set forth.

"3. That in effectuating its statutory duty in the premises, an investigation should be instituted and a public hearing held thereon for the purpose of considering the adoption of a Rule to require that companies take gas ratably from all wells in the same common source of supply to which they are connected."

Pursuant to such findings the Commission ordered:

". . . That an investigation be and it is hereby instituted herein for the purpose of considering the adoption of a Rule to require companies to take gas ratably from all wells to which they are connected in the same common source of supply."

Notice was duly published on December 5, 1959, in the Topeka Daily Capital and a copy of such notice was mailed to all interested parties. Pursuant thereto a hearing was conducted in which the interested parties entered an appearance to present evidence and arguments on the matter.

The Commission, recognizing that it was prompted to conduct the instant proceedings by its docket in the matter of Northern to show cause (Docket No. 60,740-C), in which considerable evidence was taken, ordered the testimony and exhibits in Docket No. 60,740-C incorporated and made a part of the record. Therefore, the facts upon which the rule was promulgated in the instant case are in all material respects identical and present the same issues as the companion "show cause" case.

As a result of the hearing the Commission found pursuant to its duty under G. S. 1949, 55-703, as amended, that it was necessary to promulgate and adopt a rule requiring all companies to take natural gas ratably from all wells within the same common source of supply to which each is connected, and by its order dated February 3, 1960, adopted Rule 82-2-219, which reads:

"Ratable Production of Gas from Common Source of Supply.

"In each common source of supply under proration by this Commission, each purchaser shall take gas in proportion to the allowables from all the wells to which it is connected and shall maintain all such wells in substantially the same proportionate status as to overproduction or underproduction; provided, however, this rule shall not apply when a difference in proportionate status results from the inability of a well to produce proportionately with other wells connected to the purchaser (Authorized by G. S. 1959 Supp. 55-703; Effective February 8, 1960)."

In promulgating such rule the Commission found it met the mandate of the statute and enabled the Commission "to regulate production of natural gas in such a manner as to require companies to produce ratably from all wells within the same common source of supply to which they are connected."

The Commission's general rules and regulations for the conservation of crude oil and natural gas were amended by adding Rule 82-2-219, and the Commission directed that its order and rule be filed with the Revisor of Statutes on February 8, 1960, at which date it was to be published and become official.

The contentions of the appellant are presented in its brief by what it denominates "Questions Involved." They are as follows:

"I.

"Said order and the rule promulgated thereby, approved by the trial court, and each of the findings of fact therein purporting to be in support thereof are not supported by substantial, competent, relevant evidence, and are unauthorized by and contrary to the Kansas Statutes dealing with the production and conservation of natural gas, the basic proration order for the Kansas Hugoton Gas Field and Commission's state-wide gas conservation rules and regulations.

"II.

"Said order and the rule promulgated thereby as approved by the trial court are arbitrary, unreasonable and discriminatory, have no relation to proration or conservation of gas, burden interstate commerce and take appellant's property and contract rights all in violation of the Commerce Clause, the Contract Clause and the Fourteenth Amendment to the Federal Constitution, and the Kansas Bill of Rights, Sections One, Two and Eighteen, and Section Seventeen, Article Two of the Kansas Constitution.

"III.

"Said order and the rule promulgated thereby as approved by the Court under the evidence as applied to appellant violates the provisions of the Natural Gas Act (15 USCA, 717 et seq) and invades the jurisdiction of the Federal Power Commission thereunder."

The foregoing contentions are identical with those advanced by Northern in the companion "show cause" case, No. 42,128, where they have been considered and answered by the court, upholding the power of the Kansas Corporation Commission to regulate the production of natural gas in such a manner as to require Northern to take gas ratably from all gas wells in the Kansas Hugoton Gas Field to which its lines were connected.

It follows that if the Commission has authority pursuant to G. S. 1949, 55-703, as amended, (now G. S. 1959 Supp., 55-703) to law-

fully issue such order with respect to one company, *a fortiori,* the Commission may lawfully promulgate and adopt a rule requiring all gas purchasing companies to take natural gas ratably from all wells within the same common source of supply to which each is connected.

We therefore hold Rule No. 82-2-219 and the order promulgating it are valid and lawfully adopted pursuant to the power conferred upon the State Corporation Commission by the provisions of G. S. 1949, 55-703, as amended.

The judgment of the lower court is affirmed.

SCHROEDER, J., dissents.